IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NHIA VANG,

                      OPINION AND ORDER

            Plaintiff,

                      13-cv-278-bbc

    v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Nhia Vang is seeking review of a final decision by defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying her claim for disability benefits under the Social Security Act.  42 U.S.C. § 405(g).  The administrative law judge who decided the case concluded that although plaintiff suffered from the severe impairments of chronic back and shoulder pain, she retained the residual functional capacity to perform a wide range of light work, although she was precluded from reaching overhead with either hand.  He also found that her inability to read or write the English language and her limited ability to speak or understand the English language would not preclude her from working at her past relevant work as a sewing machine operator or performing other jobs identified by the vocational expert.

      Plaintiff contends that remand is in order because the administrative law judge erred

in two respects: (1) he failed to give proper weight and consideration to the opinion of plaintiff's treating physician, Swati Biswas, in violation of the "treating physician" rule; and (2) he failed to consider plaintiff's functional capacity evaluation, as required under the law in this circuit.  Neither of her contentions is supported by the record.  Accordingly, I will affirm the commissioner's denial of plaintiff's claim.

RECORD FACTS

Nhia Vang was 35 when she suffered shoulder pain in 2000 as a result of repetitive overhead reaching at her job.  She consulted Dr. Swati Biswas, a specialist in Physical Medicine and Rehabiliation, who saw her for workers' compensation purposes on a frequent basis through 2002.  AR 400-20.  In the second half of 2000, she had physical therapy that brought some improvement.  AR 395-99, 361-91.

In January 2002, Dr. Biswas administered nerve conduction studies to plaintiff that ruled out peripheral neuropathy, left-sided cervical radiculopathy and carpal tunnel syndrome.  AR 398-99.  In June 2002, neither physical examination nor diagnostic testing disclosed any neurological problems.  Biswas concluded that plaintiff had chronic myofascial pain with full range of motion in her cervical spine as well as in both shoulder joints.  AR 447-48.  In December 2002, plaintiff had an "unremarkable" physical examination: she had normal range of motion in her neck and shoulders, normal strength and no sensory losses.  AR 442-44.  At that time Biswas believed that plaintiff had reached the end of her healing, making it unnecessary for him to see her again.  He gave her a permanent restriction of

lifting 20 pounds frequently, working in the light medium category and no overhead work. AR 400.

Plaintiff returned to Biswas in July 2006, still complaining of upper back pain, along with pain in her neck and lower back. AR 355-57. That same month, plaintiff was referred by Dr. Pablo Amador to an orthopedist, Dr. Gregg Taylor, for a consultative examination. AR 358-59. Taylor found no "overt pathology" in plaintiff's shoulders, a lack of symptoms in her shoulders and negative provocative tests at the shoulders. (According to Stedman's Medical Dictionary, 28th ed. at 1958, provocative tests are procedures for deliberately inducing an abnormality by manipulating conditions known to provoke that abnormality.) AR 359.

Plaintiff returned to see Biswas again on August 23, 2000, at which time Biswas diagnosed "generalized aches and pains, fairly chronic, either suggestive of a very chronic myofascial pain or fibromyalgia." AR 353-54. On September 20, 2006, plaintiff complained of tenderness in her shoulders and agreed to Biswas's suggestion for a shoulder joint injection. AR 349-50. Later that month, plaintiff had an independent medical re-examination performed for workers' compensation purposes by Dr. Paul Cederberg, an orthopedist. AR 679-84. (Dr. Cederberg had performed an examination of plaintiff in August 2006, at which he found that she had no objective clinical findings to substantiate her symptoms. AR 669-72.) Cederberg found that plaintiff had "inconsistencies on examination." AR 680. She had fluid range of motion in her neck when he took her medical history, but when he examined her, her neck movement was limited in all planes. He found

3

that she had normal range of motion of both shoulders, a negative impingement test and no focal tenderness over her neck or upper back. AR 680-81. His opinion did not change on re-examination: he concluded that plaintiff had no objective findings to support any permanent restrictions. AR 682.

On October 17, 2006, Biswas noted that plaintiff's complaints had become "more dramatic and involved" and he anticipated that they would not respond to treatment until her workers' compensation litigation was settled. AR 345-47. Six months later, Biswas saw plaintiff for a followup visit, noting that the nature of her pain had not changed. AR 344-45. He released her from care because he did not think he had anything further to offer her. In his opinion, plaintiff would not be able to advance any further because of "self reported pain" and "poor tolerance for activities." In addition, he found plaintiff "quite deconditioned and debilitated" and "not involved in any exercises for strengthening or stretching, primarily because of poor compliance." AR 345.

At a 2009 physical examination at Bridge Community Health Clinic, plaintiff complained of shoulder pain but exhibited normal range of motion. AR 545-46. On two visits to the clinic in 2010, she reported a history of chronic pain syndrome. AR 542-44. At an April 2011 visit to the same clinic, plaintiff showed no symptoms of back pain, joint stiffness or muscle pain and she exhibited a normal gait as well as normal musculoskeletal tone, bulk and strength. AR 577.

One month later, in May 2011, plaintiff returned to Dr. Biswas to ask him to request a functional capacity evaluation for her disability application. AR 599. Biswas examined

4

plaintiff, found that she had normal strength, no obvious deformities, multiple tender points in her shoulder area, normal sensation to light touch, but difficulty with range of motion of her shoulder. Id. He agreed to request a functional capacity evaluation.

Plaintiff was evaluated by Andrew Weizenicker, O.T., on May 11 and 13, 2011. Weizenicker found that plaintiff had tightness across her shoulders and upper back. AR 610. He concluded that plaintiff had significant deficits in lifting from floor to waist and from waist to crown, in elevated work and in step ladder climbing. AR 614. Plaintiff's counsel forwarded Weizenicker's report to Dr. Biswas, along with a two-question form. Biswas checked "yes" in response to the questions, agreeing that the physical limitations set forth in the functional capacity evaluation represented plaintiff's permanent limitations and that those limitations had been in effect since he had last seen plaintiff in April 2007. He did not give any reasons for his agreement.

## OPINION

### A. Treating Physician Rule

Under the Social Security regulations, "a treating physician's opinion is entitled to 'controlling weight' if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." 20 C.F.R. § 404.1527(d)(2). An administrative law judge who discounts a treating physician's opinion must provide good reasons for doing so. Punzio v. Astrue, 630 F.3d 704, 710 (7th Cir. 2010); Schmidt v. Astrue, 496 F.3d 833, 842 (7th Cir. 2007).

In this case, the administrative law judge explained exactly why he rejected Dr. Biswas's 2011 endorsement of the permanent restrictions attributed to plaintiff by the functional capacity evaluator, along with Biswas's statement that those restrictions had been in effect since April 2007. AR 31. The administrative law judge observed that the basis of Biswas's opinions was "unknown," as was the basis for Biswas's restricting plaintiff from working more than four hours a day in April 2007. He pointed out that Biswas had not treated plaintiff since 2007 and he found that Biswas's opinions were not only unexplained but inconsistent with objective findings. AR 31. In addition, he found Biswas's 2002 opinion outdated. Id.

Plaintiff criticizes the administrative law judge for saying that the basis of Biswas's opinions was "unknown" and that Biswas's previous restrictions were "unexplained and inconsistent with objective findings." She says that these statements were conclusory and "not good reasons," but does not suggest what more the administrative law judge might have said. When this part of his decision is read in conjunction with his detailed review of Biswas's treatment of plaintiff from 2000 up until 2011, AR 30, his statements are more than sufficient to enable the court to determine that he considered the important evidence, as well as to trace the path of his reasoning, which is all that is required. Scott v. Barnhart, 297 F.3d 589, 595 (7th Cir. 2002).

The administrative law judge's explanation was more than adequate to support his decision not to credit Dr. Biswas's unexplained endorsement of plaintiff's 2011 functional capacity evaluation. Even if I accept plaintiff's description of Biswas as a "treating

6

physician" of plaintiff in 2011, despite his not having seen plaintiff more than once in the preceding four years, his opinion is not entitled to controlling weight because it is not consistent with the record.

In summary, from my review of the record, I find that the administrative law judge acted correctly in rejecting Dr. Biswas's assessment of plaintiff's physical limitations and giving little weight to the doctor's endorsement of the functional capacity evaluation. The decision is well reasoned and thoroughly supported.

ORDER

IT IS ORDERED that plaintiff Nhia Vang's motion for summary judgment, dkt. #8, is DENIED and the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff benefits is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 20th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge