IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NHIA VANG,

                      Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                      Defendant.

ORDER

13-cv-278-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On April 26, 2013, plaintiff Nhia Vang filed a motion under 42 U.S.C. § 405(g), seeking review of the defendant commissioner's final decision that she was not disabled. On March 20, 2014, following full briefing by the parties, the court entered judgment in favor of the commissioner. Plaintiff appealed. While the appeal was pending, counsel filed a joint motion under Fed. R. Civ. P. 62.1(1)(3), seeking an indication from this court that it would be inclined to grant relief from the March 20, 2014 judgment should the court of appeals remand the case for that purpose. On December 8, 2014, this court entered such an order. On December 10, 2014, the court of appeals remanded the case under Fed. R. App. P. 12.1 and Cir. R. 57 for a ruling on counsel's joint motion for judgment reversing the commissioner's decision under sentence four of 42 U.S.C. § 405(g) and remanding the case to the commissioner. The motion will be granted.

       On remand, an administrative law judge will (1) further develop the record allowing the claimant an opportunity to submit any additional evidence of possible fibromyalgia; (2)

1

if warranted, follow the guidance in Social Security 12-2p and obtain evidence from a medical expert, to clarify the severity and effects of fibromyalgia; (3) reevaluate the opinion evidence, including the December 2011 opinion of Swati Biswas, M.D., and the opinion of Paul A. Cederberg, M.D., and explain the weight assigned to the medical source opinions; (4) reassess the claimant's credibility, including asking the claimant to explain any gaps in treatment; (5) further determine whether the claimant could perform the physical and mental demands of her past relevant work as a sewing machine operator; and, (6) if the case proceeds to step five, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the occupational base.

ORDER

IT IS ORDERED that the decision of the Acting Commissioner of Social Security in this case is REVERSED and the case is REMANDED to the commissioner.

Entered this 16th day of December, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge